UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MIRA HOLDINGS, INC.,**

      **Plaintiff,**

v.                                           Case No:   6:18-cv-190-Orl-37GJK

**THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** COUNTER-PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT BY CLERK ON COUNTERCLAIM AGAINST COUNTER-DEFENDANTS (Doc. No. 52)
>
> **FILED:** March 8, 2019
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**.

On January 11, 2019, Defendant filed an "Answer to Second Amended Complaint for Declaratory Relief Under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1114(2)(D)(v); Counterclaim" (the "Counterclaim"). Doc. No. 51. The Counterclaim names Plaintiff and Michael Knight as Counter-Defendants. *Id.* at 9-10. The Counterclaim's certificate of service states that it was "being served via ECF notification this day on the attached service list." *Id.* at 21. The attached service list contains the names of Plaintiff's attorneys. *Id.*

On March 8, 2019, Defendant filed a motion for entry of a clerk's default against Plaintiff and Knight, based on their failure to respond to the Counterclaim (the "Motion"). Doc. No. 52.

Although it appears that service of the Counterclaim on Plaintiff was proper, *see Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2d Cir. 1962) ("Service of a pleading containing a counterclaim may be made upon the opponent's attorney."), there is no indication that Knight was served with the Counterclaim. Accordingly, entry of a clerk's default against him is not warranted. *See Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 (D. Kan. 2008) ("Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default."); *Eberhard Inv. Assocs., Inc. v. Santino*, No. 01 CIV.3840 LMM, 2003 WL 22126846, at *1 (S.D.N.Y. Sept. 12, 2003) (motion for entry of default judgment against counterclaim defendant was denied where there was no indication of service on the counterclaim defendant).

Accordingly, it is **ORDERED** that the Motion (Doc. No. 52) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Clerk shall enter a default against Mira Holdings, Inc., on the Counterclaim; and
2. In all other respects, the Motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 9, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record